IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | No. 5:15-CV-420 (CAR) |
| | : | |
| EVARISTUS OSHIOKPEKHA, and | : | |
| SUPRIHATIN RUSMININGSIH, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON MOTION TO REMAND

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s Motion to Remand the instant dispossessory action to the Superior Court of Houston County, Georgia for lack of jurisdiction. For the following reasons, Plaintiff's Motion to Remand [Doc. 3] is **GRANTED**.

On August 5, 2014, Plaintiff foreclosed on the property located at 105 Wexford Circle, Bonaire, Georgia (the "Property") and on February 17, 2015, filed a dispossessory action against Defendants Evaristus Oshiokpekhai and Suprihatin Rusmininsih. On March 4, 2015, Defendants filed a Notice of Removal to this Court, and on March 28, 2015, this Court remanded the case back to the Magistrate Court of Houston County, Georgia for lack of jurisdiction.[1] Following a hearing on June 11, 2015, Plaintiff obtained a writ of

_____

[1] *Wells Fargo Financial Georgia, Inc., v. Oshiokpekhai*, No. 5:15-CV-68(LJA) (M.D. Ga. May 28, 2015).

possession from the magistrate court.  Thereafter, Defendants filed a notice of appeal to the Superior Court of Houston County, Georgia, which the court denied on October 29, 2015.

Once the Superior Court granted the Plaintiff's writ of possession, Defendants, proceeding *pro se*, again removed the instant action to this Court. In their notice of removal, Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441.  Plaintiff now seeks to remand this case back to the Superior Court of Houston County, so the Houston County Sheriff can proceed with a lockout of the Property.  Plaintiff argues that removal was improper because Defendants have not met their burden of establishing federal jurisdiction and because Defendants improperly removed a closed case.  This Court agrees.

A defendant may remove a case from state court within thirty days from when the initial complaint is received by the defendant, or when the case otherwise becomes one over which a federal court would have original jurisdiction.[2]  However, Defendants have already attempted to have their case removed to this Court once.  Judge Abrams clearly set forth the reasons why this Court does not have subject matter jurisdiction over Defendants' case and remanded it to the Magistrate Court of Houston County.

Defendants now refile an almost identical Petition of Removal, failing to present any new evidence or arguments to support a finding that this Court has subject matter

_____

[2] 28 U.S.C. §§ 1441, 1446(1)(1).

jurisdiction.  As stated in this Judge Abrams's previous order, there is no evidence to suggest this Court has federal question jurisdiction, and Defendants have not alleged any facts to establish that diversity of citizenship exists here or that the amount in controversy exceeds the jurisdictional threshold.  Moreover, a claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.[3]  Thus, Defendants have failed again to meet their burden of showing the Court has subject matter jurisdiction.

Finally, the Court warns Defendants, who are proceeding *pro se*, that the removal statute is not to be used as a tactic to avoid state-court obligations.  Defendants' second Notice of Removal appears to be a stall tactic to prevent Plaintiff and the Houston County Sheriff's Department from proceeding with a lockout of the Property.  This is a waste of judicial time and resources.  Any subsequent, frivolous removal will be met with sanctions.

Based on the foregoing, Plaintiff's Motion to Remand [Doc. 3] is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), the cause is hereby **REMANDED** to the state forum for further proceedings because this Court lacks subject matter jurisdiction.  The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to

---

[3] *See CitiMortgage, Inc. v. Shinoja*, 705 F.Supp.2d 1378, 1381-82 (N.D. Ga. 2010); *Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 9, 2008); *Novastar Morg. Inc. v. Bennett*, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001), *aff'd*, 35 F. App'x 858 (11th Cir. 2002).

the Clerk of the Superior Court of Houston County, Georgia, Civil Action No. 2015-V-112914-K.

      **SO ORDERED,** this 29th day of January, 2016.

                              S/ C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE

CML/ssh